**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENNY DREW SAYRE,**

      **Petitioner,**

     v.                  **CIVIL ACTION NOs. 1:04CV172
                                                           1:04CV246
                        (Judge Broadwater)**

**THOMAS MCBRIDE, Warden,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER

### I. FACTS AND PROCEDURAL HISTORY

**A. Origin of Present Action**

On August 2, 2004, the *pro se* petitioner, Kenny Drew Sayre ["Sayre"], filed a Petition Under 28 U.S.C. §2254 by a Person in State Custody (Case No. 1:04cv172). On November 22, 2004, Petitioner filed a second §2254 petition regarding the same underlying state conviction (Case No. 1:04cv246). Petitioner has also filed supplements to these petitions.

**B. State Court Proceedings**

Petitioner was convicted on July 16, 1997, following a jury trial in the Circuit Court of Harrison County on charges of burglary and kidnaping. The State of West Virginia filed a recidivist information against Sayre on August 22, 1997. In December 1997, following a jury trial, Petitioner was found to be the same person who was previously convicted of the felony offenses of sexual assault in the first degree in 1990 and aggravated robbery in 1991.

The circuit court sentenced Petitioner to concurrent sentences of 1-10 years on the burglary conviction, and life imprisonment on the kidnaping conviction. Petitioner is currently incarcerated

at the Mount Olive Correctional Complex, Mount Olive, West Virginia.

On November 4, 1998, Petitioner filed a petition for appeal regarding his conviction and sentence. On July 15, 1999, the West Virginia Supreme Court of Appeals refused Sayre's petition for appeal.

On August 26, 1999, Sayre filed a petition for habeas corpus in the Circuit Court of Harrison County, West Virginia. By order entered on December 12, 2000, the circuit court denied Sayre's petition for a writ of habeas corpus. On March 28, 2001, Sayre filed a petition for appeal with the West Virginia Supreme Court of Appeals which was refused on December 14, 2001.

In addition to filing a petition for habeas corpus in circuit court, on December 21, 2000, Sayre filed a petition for a writ of habeas corpus under the original jurisdiction of the West Virginia Supreme Court of Appeals. By order entered on February 20, 2001, the West Virginia Supreme Court of Appeals directed that additional proceedings occur before the Circuit Court of Harrison County. Counsel was appointed for Petitioner and his petition was amended. Thereafter, an evidentiary hearing was held. By order entered on July 23, 2002, the circuit court denied Sayre's petition, and by order entered on August 7, 2002, the circuit court made special findings regarding Petitioner's recidivist claim.

On August 1, 2003, Sayre filed a petition for a writ of habeas corpus in state court regarding the prosecution's suppression of an evidence sheet. On August 4, 2003, the circuit court denied the petition without an evidentiary hearing because Petitioner had "waived the issue and had adjudicated in a prior case." On August 21, 2003, Sayre filed a petition for appeal with the West Virginia Supreme Court of Appeals. By order entered on May 27, 2004, the Supreme Court treated the petition for appeal as a petition for a writ of habeas corpus and refused the petition. Petitioner

asserts that the Clerk of the West Virginia Supreme Court violated his due process rights by calling his petition for appeal a petition for habeas corpus.

**C. Federal Court Proceedings**

On March 7, 2002, Sayre filed a petition pursuant to 28 U.S.C. §2254 with this court challenging his 1997 burglary and kidnaping conviction (Case No. 1:02cv41). In that case the court considered Petitioner's claims and by order entered on March 31, 2003, dismissed with prejudice the §2254 habeus corpus petition on its merits.

On January 9, 2003, Sayre filed a petition in which he challenged a June 1991 conviction for aggravated robbery which was used to enhance the sentence he received for his 1997 conviction (Case No. 1:03cv3). The court considered the merits of Petitioner's claims and by order entered on July 2, 2004, the court dismissed the petition with prejudice.

Sayre is currently seeking to challenge the 1997 conviction for burglary and kidnaping, with two pending §2254 petitions.

**1. Case No. 1:04cv172**

Petitioner asserts that his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defense. Specifically, Sayre contends that a police evidence log regarding the ownership of a knife involved in the crime was improperly suppressed by the prosecution. According to Sayre, "the evidence sheet form backs up this petitioner'[s] testimony at trial and this petitioner was denied a fair trial due to the fact this petitioner was denied the right for impeachment of a state witness who lied before a trial jury as cited in Brady v. Maryland, (1963), 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194."

On September 24, 2004, Sayre filed a Supplement on Writ of Habeas Corpus in which he

alleges that sometime between August 2003, and May 2004, the Clerk of the West Virginia Supreme Court of Appeals changed his petition for appeal in Case No. 031909 to a writ of habeas corpus. He asserts that this action was an illegal act as the clerk had no authority to convert his appeal into a habeas petition. Sayre further asserts that the Clerk of the West Virginia Supreme Court acted to "cover-up or sabotage the issue on appeal."

On March 29, 2005, Sayre filed a Supplement on Petition for Writ of Habeas Corpus alleging the prosecutor presented inadmissible evidence in his trial for kidnaping and aggravated robbery. According to Sayre, a knife case used in the course of his trial was improperly admitted as evidence because a name tag on the case reading "Tony Correro," the name of the victim's son, was allegedly removed prior to trial. He further asserts that the testimony of the victim, Linda Crim, was inadmissible evidence because she lied about the knife in question when she stated that she had not seen the knife.

On April 13, 2005, the petitioner filed a new Supplement in Support on Petition for Writ of Habeas Corpus alleging that the indictment in Case No. 97-F-132-1 was defective because (1) Police Officer Sam Taylor testified falsely before the grand jury when he stated that the petitioner "pointed the gun several times at the doctor and the lady of the house"; (2) the victim, Linda Crim, lied to the grand jury when she stated "He told me he was going to kill me"; (3) the prosecutor failed to use the victim's legal name, Linda Correro, instead of Linda Crim; (4) the indictment did not state whether count one involved daytime or nighttime burglary; (5) the prosecutor failed to specify "confine" in count two; (6) prosecutor failed to correct knowing use of false testimony before the grand jury; (7) the prosecutor failed to disclose his friendship to the victim and her family; (8) the indictment contained misspelled names and words; (9) the prosecutor had a conflict because the victim's son

4

worked for him; (10) the prosecutor indicted him under the wrong law with regard to Count 2.

On May 3, 2005, the petitioner filed another Supplement in Support on Petition for Writ of Habeas Corpus alleging Crim lied about seeing a duffel bag. Further, by letter dated May 20, 2005, to the Honorable Frederick P. Stamp, Jr., United States District Judge, Petitioner alleges that the librarian at the Mount Olive Correctional center refused to make copies for him and is denying him access to the court. He wants a court order so he can get copies for the court. On June 20, 2000, the letter was filed as a motion for copies.

On June 23, 2005, Sayre filed what he titled his Third Supplement in Support on Petition for Writ of Habeas Corpus in which he alleges that Crim's testimony was false because the duffel bag she testified as to seeing did not exist.[1]

**2. Case No. 1:04cv256**

On November 22, 2004, Sayre filed a §2254 petition regarding his burglary and kidnaping conviction alleging the same arguments he previously raised: that the prosecution presented inadmissible evidence because the name tag on the aforementioned knife was removed and the name on the knife case was "Tony Correro"; that Linda Crim testified falsely about this knife; that an exculpatory evidence sheet was withheld from the defense; and that the evidence sheet "is proof that this victim, Linda Crim, had set [him] up, by giving [him] the knife to pawn for her on March 26, 1997."

---

[1] Additionally, by letter dated March 14, 2005, to the Honorable John T. Copenhaver, United States District Judge in the Southern District of West Virginia, Sayre asserts his trial counsel was ineffective. Then, by letter dated July 12, 2005, to Judge Copenhaver, the petitioner asserts that he sent his "full court record to legal experts in New York" and "they found [he] was convicted on evidence that never existed at the crime scene" and that he was "convicted on fraud due to perjured testimony by three state witnesses." He further states that the victim was in a mental institution in Northern California 30 years ago and that she has a criminal record. These letters were filed as supplements to his §2254 petition.

On September 16, 2005, the petitioner filed a Supplement in Support on Petition for Writ of Habeas Corpus. In his supplement, the petitioner reiterates and expands on the allegations of the original petition. On that same day, the petitioner filed a motion for appointment of counsel.

## II. ANALYSIS

Determinations regarding persons detained pursuant to the judgment of a United States court are given finality by Tile 28 U.S.C. §2244 (b) . The statute reads in pertinent part as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
 (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In order for a petition to be dismissed as successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Sayre's first § 2254 petition was denied and dismissed on the merits. Further, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). "[T]he authorization requirement applies to the entire application." Id.

Because there is nothing in the record which indicating Sayre has obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 petitions in this court, this court is without authority to hear those successive petitions. Furthermore, there are no grounds to hold an evidentiary hearing, because the court has no jurisdiction over this matter,.

With regard to Sayre's motion for copies, the motion is denied because based on the number of filings Sayre has successfully made with this court it does not appear he is being denied access to the court.

Finally, Sayre is not entitled to the appointment of counsel. The authority for the court to appoint counsel in a §2254 action is discretionary and there is no Constitutional right to appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). In a §2254 action, a court may appoint counsel to a financially eligible person if justice so requires. See 28 U.S.C. §2254(h); 18 U.S.C. §3006(A). Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006(A), is only required in a §2254 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

Upon review of the file, the court concludes that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that the petitioner has not demonstrated a need for appointment of counsel. Accordingly, the petitioner's motion for appointment of counsel is hereby denied.

### III. CONCLUSION

Considering the record and applicable law, the court **FINDS** that:

1. Petitioner's petitions and supplemental petitions under 28 U.S.C. §2254 (case numbers 1:04cv172 and 1:04cv246) present successive claims presented in

prior applications;

2. Petitioner has not received leave from the Fourth Circuit Court of Appeals to file successive §2254 petitions;

3. The filed petitions do not turn on any new rule of constitutional law;

4. Petitioner alleges no new facts that could establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Based upon the foregoing, the court **DISMISSES** Sayre's §2254 petitions and associated supplemental petitions (1:04cv172 and 1:04cv246). It is further Ordered that Petitioner's June 20, 2005 motion for copies and September 16, 2005 Motion for Appointment of Counsel are **DENIED**.

The Clerk is DIRECTED to DISMISS case numbers 1:04cv172 and 1:04cv246 from the docket of this court.

IT IS SO ORDERED.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to the *pro se* petitioner.

Dated: September 27, 2005

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE